UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIE LEE JONES,

           Petitioner,

-vs-                                Case No.  8:05-cv-2125-T-17MSS

STATE OF FLORIDA,

           Respondent.

_____

## <u>ORDER</u>

Willie Lee Jones, who is incarcerated in the Manatee County Jail, filed a document entitled "Motion of Writ of Habeas Corpus."   It is not clear from the filing whether Petitioner seeks a 28 U.S.C. § 2254 petition for writ of habeas corpus or a 28 U.S.C. § 2241 writ.

The Department of Corrections data base shows that his DOC number is 625316, that his birth date is July 4, 1960, and that he is out of the Department of Corrections on conditional supervised release. The record also shows that the present charges under which he is incarcerated in the Manatee County Jail are new charges and that he is not complaining about a charge on "behalf of a person in custody pursuant to the judgment of a State court."

Reading the filing liberally, it appears that Petitioner seeks to have this Court intervene in his present criminal proceedings.  However, federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. <u>Younger v. Harris</u>, 401 U.S. 37 (1971); <u>see</u> <u>also</u>, <u>Hicks v. Miranda</u>, 422 U.S. 332, 349 (1975).  The <u>Younger</u> court stated:

[I]t has been perfectly natural for our cases to repeat time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions.

. . .

[W]hen absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.

. . .

[I]n view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is both great and immediate. Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

Younger, 401 U.S. at 45-46 (citations and quotations omitted).

Accordingly, the Court orders:

That Petitioner's motion of writ of habeas corpus is denied. The Clerk is directed to enter judgment against Petitioner and to close this case.

ORDERED in Tampa, Florida, on November 28, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Willie Lee Jones